IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NUMBER 13-CR-0074-001 |
| v. | : | |
| SHAWN SISCO | : | |

### SUPPREMENTAL MEMORANDUM IN SUPPORT OF REQUEST FOR THE PAYMENT OF RESTITUTION

Counsel for the United States respectfully urges the Court to impose an order of restitution upon defendant at her sentencing on January 9, 2014 in addition to a term of imprisonment. The basis forth this request is explained in greater detail in this memorandum.

I. **RETITUTION IS AN ELEMENT OF A DEFENDANT'S SENTENCE**

Under the 1925 Federal Probation Act, courts rarely ordered restitution in criminal cases. *See* S. Rep. No. 97-352 at 30 (1982, *reprinted in* 1982 U.S.C.C.A.N. 2515, 2536 (" As simple as the principle Of restitution is, it lost its priority status in the sentencing procedures of our federal courts long ago")[1] More recently, however, a number of statutes have authorized district courts to order restitution for losses directly related to an offense of conviction (or in another amount specified by a plea agreement). See *Hughey v. United States*, 495 U.S. 411,415-416 (1991)(listing examples).

In 1982, Congress, in an attempt to encourage courts to make broader use of restitution, enacted the Victim and Witness Protection Act of 1982 ("VWPA"), Pub. L. No.

---

[1] Peggy M. Tobolowsky, Restitution in the Federal Criminal Justice System, 77 Judicature, 90, 90-92 (1993).

9291, 96 Stat. 1248 (codified as amended in scattered sections of 28 U.S.C., with restitution provisions at 18 U.S.C. 3663). The VWPA provides for restitution in, among other cases, Title 18 criminal cases and any criminal case (including Title 26 cases), in which a defendant agrees to pay restitution as part of a plea agreement.[2]

Fourteen years later, Congress enacted the Mandatory Victim Restitution Act of 1996 ("MVA"), Pub. L. No. 104-132, Section 204(a), 110 Stat. 1227 (1996) (codified as amended as 18 U.S.C. Section 3663A), which generally requires full restitution for all Title 18 criminal cases, including non-Title 26 tax related charges under 18 U.S.C. Section 286, 287, 381 and 1001.

In 1987, when the United States Sentencing Guidelines became operative, Section 5E1.1 of the Guidelines provided for restitution in <u>all</u> criminal cases, either as part of the sentence or as a condition of probation or supervised release, depending on the type of offense. Although the Guidelines are now only advisory, <u>See</u> *United States v. Booker*, 543, U.S. 200, 246, 259-60 (2005), the change from mandatory to advisory sentencing guidelines generally did not affect the rules relating to restitution. <u>See</u>, <u>e g</u>., *United States v. Bonner*, 522 F.3d 804, 806-08 (7th Cir. 2008); United States v. Farrington, 499 F.3d 854, 861 (5th Cir. 2007); United States v. Gordon, 393 F.3d 1044, 1051 n.2 (9th Cir. 2004).[3]

As a result of the changes in the laws since 1982, district courts now routinely order restitution in criminal cases. Restitution is no longer the exception, it has become the rule.

---

[2] In our case, the defendant was convicted following a jury trial.

[3] There is a split in the circuits concerning whether restitution inflicts a criminal punishment and is therefore punitive. <u>Compare</u> *United States v. Perez*, 514 F.3d 296, 298 (3d Cir. 2007) (restitution is a criminal penalty), and *United States v. Cohen* 459 F.3d 490, 496 (4th Cir 2006) (although restitution allows victims to recover losses that might be available in civil litigation, restitution is part of criminal defendant's sentence), <u>with</u> *United States v. Serawop*, 505 F.3d 1112, 1122-23 & n.4 (10th Cir. 2007) (MVRA does not inflict criminal punishment and is not punitive; collecting cases discussing circuit split).

VWPA empowers courts, in certain instances, to impose restitution as a separate and independent part of a sentence rather than as a special condition of probation or supervised release. See 18 U.S.C. Section 3663, 3664; *United States v. Leahy*, 438 F.3d 328, 338 (3d Cir. 2008) (restitution constitutes a return to the status quo, a fiscal realignment where by a criminal's ill-gotten gains are returned to their rightful owner); also see *United States v. Martin*, 128 F.3d 1188, 1190 (7th Cir. 1997); *United States v. Helmsley*, 941 F.2d 71, 101 (2d Cir. 1991). The purpose of restitution under the VWPA is to ensure that wrongdoers, to the maximum degree possible, make their victims. In enacting the VWPA, Congress strove to encourage greater use of a restitutionary remedy.

The United States and its agencies, including the Internal Revenue Service ("IRS"), may qualify as victims under the VWPA. *United States v. Senty-Haugen*, 449 F.3d 862, 865 (8th Cir. 2006) (IRS is eligible victim under the MVRA and the definition of victim under the MVRA is the same as the definition of victim in the VWPA).

Under the VWPA, prior to ordering restitution, the district court must consider a number of factors.[4] These factors include the amount of loss, a defendant's financial resources, the financial needs and earning ability of the defendant and his or her dependent, and any such other factors the court deems appropriate. 18 U.S.C. Section 3663 (a)(1)(B)(i); see *United States v. Caldwell*, 302 F.3d 399, 420 (5th Cir. 2002); *Weinberger v. United States* v, 268 F.3d 346, 356 (6th Cir. 2001 (vacating restitution order because district court did not consider all factors necessary under VWPA); *United States v. Ben Zvi*, 242 F.3d 89, 100 (2d Cir. 2001) (defendant's limited financial resources at time of imposition of sentence not dispositive, particularly where defendant had reasonable potential for future earnings; in absence of showing by defendant of

---

[4] There is no constitutional requirement that a jury find beyond a reasonable doubt the facts needed by the district court in order to impose restitution. *United States v. Dupes*, 513 F.3d 338, 345-46 (2d Cir. 2008) (quoting *United States v. Reifler, 446 F.3d 65, 116 (2d Cir. 2006)).*

restricted future earnings potential, district court may reasonably presume future earnings); *United States v. Lawrence*, 189 F.3d 838, 848 (9th Cir. 1999) (while district court is not required to make express finding concerning ability to pay, the court must consider the information and "cannot completely defer to the monitoring capabilities of the probation officer"); *United States v. Wells*, 177 F.3d 603, 611 (7th Cir. 1999) (court can consider likelihood that defendant will acquire resources in future and defendant's entrepreneurial talents.

If the court does not provide detailed findings, some appellate courts have stated that the district court may run the risk that the court of appeals may remand a restitution order as based on "inadequate explanation and in sufficient reasoning." *United States v. Menz*, 137 F.3d 533, 538(7th Cir. 1998); see *United States v. Butler*, 297 F.3d 505, 519 (6th Cir. 2002) (district court did not explain restitution order; court must consider factors set forth in 18 U.S.C. Section 3663 and explain why they are or are not relevant.

Although neither Section 3663 ("VWPA") nor 3663A ("MVRA") provides for restitution as an independent part a sentence for offenses under title 26, see *United States v. Hoover*, 175 F.3d 564, 569 (7th Cir. 1991; United States v. Joseph, 914 F.2d 780, 783-84 (6th Cir. 1990), a combination of statutes, when read together, allow district courts to order restitution for Title 26, offenses as a condition of supervised release or probation.

District Courts are authorized by 18 U.S.C. Section 3583(d) to impose, as a condition of supervised release, "any condition set forth as discretionary condition of probation in section 3563(b)." Section 3563(b) authorizes a district court to order a defendant to "make restitution to a victim of the offense under section 3556." Section 3556 authorizes a district court to "order restitution in accordance with section 3663," which in turn states that a court "may order . . . that the defendant make restitution to any victim of such offense."

Although Section 3663 by its own terms limits restitution to certain (non-Title 26) offenses, Section 3563(b) expressly provides that Section 3663's limitation in scope does not apply to restitution as a condition of probation (or, accordingly, as a condition of supervised release). See *United States v. Batson*, 608 F.3d 630, 633-37 (9th Cir. 2010). A court's authority to order restitution for Title 26, Offenses as a condition of probation or supervised release is explicitly recognized in the Sentencing Guidelines, which prescribe the use that authority. See U.S.S.G. Section 5E1.1(a); *Gall v. United States,* 21 F.3d 107, 1089-10 (6th Cir. 1994).

Under Section 5E1.1(a)(2), when a defendant has been found guilty after a trial of a tax crime under Title 26, and a court finds that the government has suffered a loss, the Court should be ordered to make restitution as a condition of supervised release. See U.S.S.G. Section 5E1.1(a)(2). After *United States v. Booker*, 543 U.S. 220, 246, 60 (2005), Section 5E1.1 is advisory. If a sentencing court does not order restitution, the court should state on the record its reasons for not imposing restitution. See 18 U.S.C. Section 3663 and 3664.

Section 5E1.1(b)(2) provides that restitution need not be ordered if the district court finds that (1) the number of identifiable victims is so large as to make restitution impracticable or (2) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentence process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

After the period of supervised release or probation expires, the government may continue collection of the amount of restitution ordered to be paid as a condition of supervised release. Under 18 U.S.C. Section 3663(m)(1)(A), "[a]n order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or by all other available and reasonable means. Subchapter B of Chapter

229 of Title 18, includes 18 U.S.C. Section 3613, which allows the government a 20-year period to enforce monetary judgment (such as restitution orders); See *United States v. Young*, 593 F.3d 773, 774 (8th Cir. 2010) (garnishment after term of supervised release was appropriate because the obligation to pay restitution did not terminate when supervised release ended); *United States v. Sloan*, 505 F.3d 685, 693 (7th Cir. 2007) (restitution ordered as condition of probation); after probation period expired, government sought continuing garnishment order to protect its interest); *United States v. Ridgeway*, 489 F.3d 732, 738 (5th Cir. 2007) ("The limitation provisions in 18 U.S.C. Section 3663(f)(1)-(3) only limit when [restitution] payments are due, not when they can be collected.

## II. WHILE NOT MANDATORY, RESTITUTION IS AN APPROPRIATE SENTENCING GOAL IN TITLE 26 TAX FRAUD CASES

A sentencing court can order restitution when a defendant has been convicted of a Title 26 tax fraud crime. However, in any criminal tax case, care must be exercised in determining the amount of the loss suffered by the IRS. The VWPA provides guidance regarding the calculation of the amount of restitution to be ordered. See *Hughey v. United States*, 495 U.S. 411, 418 (1990). Section 3663(a)(1)(A) requires a showing of actual loss. See *United States v. Chalupnik*, 514 F.3d 748, 754 (8th Cir. 2008); *United States v. Galloway*, 509 F.3d 1246, 1253 (10th Cir. 2007) (restitution must be based on actual loss, not on the amount of gain to the defendant).

Generally, the amount of restitution is limited to losses caused by the specific conduct underlying the offense of conviction and does not include relevant conduct. See *Hughey*, 496 U.S. at 420. However, when the count of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, the restitution order may include losses caused by acts of related conduct for which the defendant was not convicted. 18

U.S.C. Section 3663(a)(2); see *United States v. Foley*, 508 F.3d 627, 635-36 (11th Cir. 2007) (restitution amount properly included acquitted conduct; district court could award restitution to any victim of the scheme furthered by the defendant's mail fraud offense.

### III. DISCUSSION

As was previously discussed in the government's first sentencing, defendant Shawn Sisco should be required to pay restitution to the Internal Revenue Service. The defendant's criminal conduct injured the American taxpayers. By her own admission, the defendant stated that she earned fees that exceeded $100,000 during the tax filing seasons. In other words, the defendant's crimes were profitable and not fraught with danger as is the case with some criminal conduct. Indeed, when confronted with the fact that her criminal conduct was tantamount of stealing money from the government, the defendant responded with the following retort: "well, it is only the government." This statement, standing alone, is sufficient to warrant the imposition of an order of restitution.

Finally, the defendant is a relatively young woman. While she appears to only have a high school education, she had demonstrated that she is a person of imagination and creativity. As such, the possibility exists that the defendant will, once again, become employed in some line of work which will permit her to repaid the government.

## IV. CONCLUSION

WHEREFORE, for all of the government reasons, government counsel respectfully urges the Court to require the defendant to pay restitution of $167,174.00 to the Internal Revenue Service which is the criminal tax loss that she caused as a result of her conduct in the case at bar.

Respectfully submitted

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY

/Floyd J. Miller

_____

Floyd J. Miller
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's Supplemental Sentencing Memorandum was electronically filed with the clerk of court for the United States District Court, Eastern District of Pennsylvania, and counsel for the defendant at the following address by first class United States mail, postage prepaid:

Mr. Nino V. Tinari, Esquire
Attorney & Counselor at Law
1528 Walnut Street
4th Floor
Philadelphia, PA 19102

/Floyd J. Miller
_____
Floyd J. Miller
Assistant United States Attorney

Date: December 17, 2014

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :      CRIMINAL NUMBER 13-CR-0074-001

           v.                                      :

SHAWN SISCO                          :

## PROPOSED RESTITUTION ORDER

       AND NOW this_____day of _____, 2014, the Court hereby enters the following Order regarding the payment of restitution by Defendant Shawn Sisco following Her conviction for violations of Title 26, United States Code, Section 7206(2):

       1. Defendant Shawn Sisco is ordered to pay restitution in the total amount of $167,174 under 18 U.S.C. Section 3663/3663A;

       2. Payment in equal monthly installments of $_____ over a period of _____ to commence _____day after being release from imprisonment as a term and condition of supervised release.

       3. The periodic payments may be adjusted in accordance with 18 U.S.C. Section 3663(k). The defendant is obligated to report to the Government and the Court an material change in her economic circumstances pursuant to 18 U.S.C. Section 3664(k)

       4. The defendant shall make all restitution payments, except those payments made through to the Federal Bureau of Prisons, to

United States District Court
For the Eastern District of Pennsylvania
Clerk's Office:  Attn:  Financial Section
601 Market Street – 2nd Floor
Philadelphia, PA 19106

5.   The defendant shall include, with her payments to the District Court, her name and social security number, the District Court's docket number assigned to this case, the tax years or period for which restitution has been ordered, and a request that this information be sent, along with the payments to the appropriate office of the Internal Revenue Service.

6.   The Clerk's Office shall send the defendant's restitution payments, along with the information provided by the defendant, to the Internal Revenue Service at the following address:

IRS – RACS
Attn:  Mail Stop 6261, Restitution
333 West Pershing Avenue
Kansas City, MO 64108

BY THE COURT:

_____
Honorable Petrese B. Tucker
Chief United States District Court Judge

Date:_____